IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| | ) | |
| ROOSEVELT WATKINS | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:11-cv-158-MEF |
| | ) | (WO - do not publish) |
| THE CITY OF MONTGOMERY, | ) | |
|     Defendant. | ) | |

## ORDER

This cause is before the Court on Plaintiff's Motion to Facilitate Class Notice

Pursuant to 29 U.S.C. § 216(b) (Doc. #47), filed on December 5, 2011.  For the most part,

Defendant does not oppose facilitation of class notice at this point in the litigation (Doc.

#50).  The only contested issue is whether the Fair Labor Standards Act's ("FLSA's") three-

year statute of limitations should be tolled to allow for publication of notice to those who

have worked as Fire Lieutenants in the Fire Suppression Division since February 22, 2005,

as Plaintiff argues, or notice should only be published to those who have worked in that

capacity since March 7, 2008, per the FLSA's statute of limitations.

Under the "fairly lenient standard" prescribed by the Eleventh Circuit, Plaintiff's

motion is due to be GRANTED as to those individuals who have worked as Fire Lieutenants

in the Fire Suppression Division since February 22, 2005.

### I.  Factual Background

Plaintiff Roosevelt Watkins is employed by Defendant City of Montgomery as a Fire

Lieutenant in the Division of Fire Suppression.  On March 7, 2011, Plaintiff filed this action

against Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

In his complaint (Doc. #1) Plaintiff alleges that "the [Defendant] does and has not paid him

and other similarly situated 'Fire Suppression Lieutenants' proper overtime wages as

required by 29 U.S.C. § 207(a)." Plaintiff seeks conditional collective action certification

under 29 U.S.C. § 216(b) so that he may represent all current and former similarly situated

Fire Suppression Lieutenants who were subjected to Defendant's alleged policy of not paying

proper overtime compensation.

## II.  Standard of Review

Title 29 U.S.C. § 216(b) provides that

> "an action to recover  [unpaid overtime compensation under the FLSA] may
> be maintained . . . *by any one or more employees for and in* [sic] *behalf of*
> *himself or themselves and other employees similarly situated.*  No employee
> shall be a party plaintiff to any such action unless he gives his consent in
> writing to become such a party and such consent is filed in the court in which
> such action is brought."

29 U.S.C. § 216(b).

Thus, § 216(b) clearly provides for a collective action,[1] but does not adequately

describe the procedures a district court should use to administer the certification of a

collective action or the requisite opt in procedures.  For this, we turn to the Eleventh Circuit.

In *Hipp v. Liberty National Life Insurance Co.*, 252 F.3d 1208 (11th Cir. 2001), the

---

[1]  Plaintiff is seeking to maintain a *collective* action under 29 U.S.C. § 216(b)
rather than a *class* action under Fed. R. Civ. P. 23.  *See LaChapelle v. Owens-Illinois,*
*Inc.,* 513 F.2d 286, 288-89 (5th Cir.1975) (recognizing the "fundamental" differences
between Rule 23 class actions and § 216(b) collective actions).

Eleventh Circuit suggested that district courts adopt a two-tiered approach for determining whether 216(b)'s "similarly situated" requirement is satisfied. *Id.* at 1217-18 (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995).

The first stage in the two-tiered process is a "notice stage," wherein "the district court makes a decision—usually based on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members." *Id.* at 1218. Using a "fairly lenient standard," if the court is satisfied that there may be a group of similarly situated plaintiffs, the court may conditionally certify the class at this point. From here, potential class members are given notice and the opportunity to opt-in. *Id.*

"The second stage is typically precipitated by a motion for 'decertification' by the defendant usually filed after discovery is complete and the matter is ready for trial." *Id.* At this point, the court has much more information and can make an informed factual determination as to whether there is a "similarly situated" group of plaintiffs. "If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives—i.e. the original plaintiffs—proceed to trial on their individual claims." *Id.*

The Eleventh Circuit concludes this portion of its opinion noting that "[n]othing in our circuit precedent . . . requires district courts to utilize this approach. The decision to create an opt-in class under §216(b) . . . remains soundly within the discretion of the district court." *Id.* at 1219. However, the court also notes that the "two-tiered approach to

certification . . . appears to be an effective tool for district courts to use in managing these often complex cases, and we suggest that district courts in this circuit adopt it in future cases." *Id.*

This Court will follow the certification process suggested by the Eleventh Circuit in *Hipp*.

## III.  Discussion

The one contested issue in Defendant's motion is whether, at this first stage of the certification process, notice should be provided to individuals who worked as Fire Lieutenants in the Fire Suppression Division since February 22, 2005, or only to those who have worked as Fire Lieutenants in the Fire Suppression Division since March 8, 2008. Plaintiff's statute of limitations defense is dependent on many questions of fact (*see generally* Doc. #50 (raising, *inter alia*, issues of with whom "discussions" may or may not have been had before Fire Lieutenants were classified as exempt, and whether the Mayor had to approve of this classification in writing or was only required to give oral approval)).

These questions are more appropriately resolved at either the summary judgment stage or on a motion for decertification after discovery is complete or nearly complete.  The Court expresses no opinion as to the merits of the statute of limitations defense at this time, except to say that, under the facts pled by Plaintiffs, the court is satisfied that there may be a group of similarly situated plaintiffs dating back to February 22, 2005.  This is all that is required for conditional certification under *Hipp*.

For the reasons stated above, it is hereby ORDERED that:

(1) Plaintiff's Motion to Facilitate Class Notice Pursuant to 29 U.S.C. § 216(b) (Doc. #47) is GRANTED and this matter is CONDITIONALLY CERTIFIED as a collective action pursuant to 29 U.S.C. §216(b);

(2) Defendant, the City of Montgomery, IDENTIFY TO PLAINTIFF all current and former Fire Suppression Lieutenants who have worked for the Montgomery Fire Department in that capacity since February 22, 2005;

(3) The Proposed "Notice of Lawsuit and Consent To Become A Party Plaintiff" (Doc. #48, Ex. A) is APPROVED with the requirement that, on page two, section III, line six, the word "were" be removed where it appears before the word "worked;" and

(4) Plaintiff is AUTHORIZED to issue notice of this lawsuit to all present and former Fire Suppression Lieutenants who have worked for the City of Montgomery in that capacity at any time between February 22, 2005 and the present.

DONE this the 19th day of January, 2012.

/s/ Mark E. Fuller

UNITED STATES DISTRICT JUDGE
