IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROOSEVELT WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:11-cv-0158-MEF |
| | ) | (WO – Do not publish) |
| THE CITY OF MONTGOMERY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON PRETRIAL HEARING

A pretrial conference was held in the above case on January 24, 2013, at which time

the following proceedings were held and actions taken:

1.    <u>PARTIES AND TRIAL COUNSEL</u>:  The parties and their designated trial

counsel are correctly named as set out below:

| PARTIES | TRIAL COUNSEL |
|---|---|
| Plaintiff, Roosevelt Watkins | W. Lee Gresham, III.<br>**HENINGER GARRISON DAVIS**<br>2224 1st Avenue North<br>Birmingham, Alabama 35203<br>(205) 326-3336<br>(205) 326-3332 (Fax)<br>lee@hgdlawfirm.com<br><br><br>William R. Davis<br>**DAVIS & HERRINGTON**<br>Park Place Center<br>8650 Minnie Brown Road, Suite 150<br>Montgomery, Alabama 36117<br>(334) 215-4449<br>(334) 215-4459 (Fax) |
| Opt-in Plaintiff, 1Richard Brackin | wrd@davisherrington.com |

| | |
|---|---|
| Opt-in Plaintiff, Quentin Burke | (Same as above) |
| Opt-in Plaintiff, Richard Carr | |
| Opt-in Plaintiff, Carlos Carlisle | |
| Opt-in Plaintiff, Brian Clements | |
| Opt-in Plaintiff, Larry Coleman | |
| Opt-in Plaintiff, Russ Collier | |
| Opt-in Plaintiff, Dustin Davenport | |
| Opt-in Plaintiff, Ed Daniel | |
| Opt-in Plaintiff, Darren Keith Davis | |
| Opt-in Plaintiff, Michael Shane Davis | |
| Opt-in Plaintiff, Herman Dudley | |
| Opt-in Plaintiff, Bart Estes | |
| Opt-in Plaintiff, Brent Farthing | |
| Opt-in Plaintiff, Charles Ford, Jr. | |
| Opt-in Plaintiff, William Fulton, III | |
| Opt-in Plaintiff, Rickey Garmon | |
| Opt-in Plaintiff, Anthony Glasgow | |
| Opt-in Plaintiff, Richard Glaze | |
| Opt-in Plaintiff, Tony Garner | |
| Opt-in Plaintiff, Kenneth Gray | |

| | |
|---|---|
| Opt-in Plaintiff, Michael Hamil | |
| Opt-in Plaintiff, S.M. Harris, Jr. | |
| Opt-in Plaintiff, James Hart | |
| Opt-in Plaintiff, Marc Hayes | |
| Opt-in Plaintiff, Timothy Heath | (Same as above) |
| Opt-in Plaintiff, Randy Hill | |
| Opt-in Plaintiff, W.L. House | |
| Opt-in Plaintiff, Myron James | |
| Opt-in Plaintiff, Rickey Johnson | |
| Opt-in Plaintiff, James Jordan | |
| Opt-in Plaintiff, Steven Kilpatrick | |
| Opt-in Plaintiff, Stephen Lewis | |
| Opt-in Plaintiff, Alan Madore | |
| Opt-in Plaintiff, Jacob Money | |
| Opt-in Plaintiff, Jerry D. Moon | |
| Opt-in Plaintiff, David Moore | |
| Opt-in Plaintiff, Michael D. Murphy | |
| Opt-in Plaintiff, Donald Pickens | |
| Opt-in Plaintiff, William Savage | |
| Opt-in Plaintiff, Robert Sides | |
| Opt-in Plaintiff, James Smith | |

| | |
|---|---|
| Opt-in Plaintiff, Eddie Stephens | |
| Opt-in Plaintiff, Toney Stephens | |
| Opt-in Plaintiff, John Swindle | |
| Opt-in Plaintiff, Samuel Matthew Thames | |
| Opt-in Plaintiff, M.D. Thomas, Sr. | |
| Opt-in Plaintiff, Adrian Thrasher | |
| Opt-in Plaintiff, Greg Treloar | |
| Opt-in Plaintiff, Shane White | |
| Opt-in Plaintiff, Kenneth Wilhoit | |
| Opt-in Plaintiff, Jason Williams | |
| Opt-in Plaintiff, James Witcher | |
| Defendant, The City of Montgomery | Wallace D. Mills<br>323 Adams Avenue<br>Montgomery, Alabama 36104<br>(334) 593-8053<br>wallace@wallacemills.com |

COUNSEL APPEARING AT PRETRIAL HEARING: Counsel appearing at the Pre-Trial Conference is the same as those listed above.

2.    JURISDICTION AND VENUE:

(a)    Plaintiffs' claims arise under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA").

4

    (b)    Subject matter jurisdiction exists on the basis of federal question jurisdiction under 29 U.S.C. §§ 201 *et seq.* and 28 U.S.C. § 1331.

    (c)    Venue in the Middle District of Alabama is proper under 28 U.S.C. § 1391(b) and 1391(c) in that Defendant does business in this district and a substantial part of the conduct giving rise to the claims occurred in this district.

    (d)    All jurisdictional and procedural requirements prerequisite to maintaining this action have been met.

3.    <u>PLEADINGS:</u>  The following pleadings and amendments were allowed:

    (a)    Plaintiffs Complaint (Doc. #1).

    (b)    Defendant's Answer to Plaintiffs' Complaint (Doc. #7).

    (c)    Plaintiffs' First Amended Complaint (Doc. #31).

    (d)    Defendant's Answer to First Amended Complaint (Doc. #35).

4.    <u>CONTENTIONS OF THE PARTIES</u>:

    (a)    <u>Plaintiffs:</u>

        (1)    "The Fair Labor Standards Act was designed to extend the frontiers of social progress by insuring to all able-bodied working men and women a fair day's pay for a fair day's work." *Gregory v. First Title of Am., Inc.*, 555 F.3d 1300, 1307 (11th Cir. 2009) (quoting *A.H. Phillips, Inc.*, 324 U.S. 490, 493 (1945)).

        (2)    "There can be no doubt that the purpose of the FLSA was and is to protect interstate employees by denying their employers the tool of toying with workers' wages when battling in the competitive market." *Martinez v. Behring's Bearings Serv., Inc.*, 501 F.2d 104, 107 (5th Cir. 1974).

5

(3)   "The [Fair Labor Standards Act] should be interpreted liberally in the [Plaintiffs'] favor." *Birdwell v. City of Gadsden*, 970 F.2d 802, 805 (11th Cir. 1992); *Mitchell v. Lubin, McGaughy & Assocs.*, 358 U.S. 207, 211 (1959).

(4)   To accomplish this, 29 U.S.C. § 207(a) "requires [that] [the City] pay their employees at the enhanced rate of time-and-a-half when their work week exceeds 40 hours." *Cremeens v. City of Montgomery*, 602 F.3d 1224 (11th Cir. 2010).

(5)   The FLSA also creates a number of exemptions for specific workers for whom a different maximum hour threshold applies before overtime pay is required.  One such partial exemption exists for certain public safety employees who engage in "fire protection activities". 29 U.S.C. § 207(k).  Pursuant to § 207(k), Defendant need not provide overtime compensation to "fire protection employees" until more than 212 hours are worked during a twenty-eight day period.  *Id.*   Under the United States Department of Labor's ("DOL") regulations, the maximum hours "law enforcement" employees may be required to work, during a fourteen (14) day work cycle, without overtime pay is one-hundred-six (106).  29 C.F.R. § 553.230.

(6)   The City classifies Plaintiffs under the FLSA's definition of "fire protection employees" meaning they (1) are trained in fire suppression; (2) have the legal authority and responsibility to engage in fire suppression; (3) are employed by a municipal fire department; (4) engage in the prevention, control, and extinguishment of fires; and/or (5) respond to emergency situations where life, property, or the environment is at risk.   29 U.S.C. § 203(y).

(7)   Plaintiffs therefore claim that because they meet the statutory definition of a "fire protection" employee and the regulatory definition of a "first responder," the City of Montgomery should have paid them overtime compensation at a rate of time and one-half for all hours worked in excess of one-hundred six (106).

(8)   The Department of Labor updated and revised its regulations implementing the FLSA in August of 2004.  The intent behind the

6

revisions was to "restore" the "severely eroded" overtime protections intended by the FLSA and to "ensure that employees could understand their rights, employers could understand their legal obligations and the DOL could vigorously enforce the law." 69 Fed.Reg 22122.

(9)   As part of its 2004 revisions, the DOL promulgated, for the first time, what is commonly referred to as the "First Responder" regulation.  29 C.F.R. § 541.3.

(10)  The purpose behind the addition of the "First Responder" regulation was to explicitly address the application of overtime exemptions to first responders and to "make clear" that employees, *regardless of rank or pay level*, who engage in the  *prevention, control*; or *extinguishment of fires* and the rescue of fire  victims…." "*are entitled to overtime pay.*"  69 Fed. Reg 22129 (emphasis added).

(11)  Plaintiffs meet the regulatory definition of a "First Responder" in that they prevent, control and/or extinguish fires and rescue fire victims.  *See* 29 C.F.R § 541.

(12)  The "First Responder" regulation specifically states that firefighters *do not* qualify as exempt executives "because their primary duty is not management of the enterprise in which [Plaintiffs are] employed or a customarily recognized department or subdivision thereof." 29 C.F.R. § 541.3(b)(2) (emphasis added).

(13)  The "First Responder" regulation also states that firefighters *do not qualify as exempt administrators* "because their primary duty is not the performance of work directly related to the management or general business operations of the [the City] or the [City's] customers." 29 C.F.R. § 541.3(b)(3) (emphasis added).

(14)  The "First Responder" regulation explains that "a. . . fire fighter whose primary duty is to. . . . *fight fires* is not exempt . . merely because the. . . fire fighter also directs the work of other employees in the conduct of . . . fighting a fire."  29 C.F.R. § 541.3(b)(2); *see also*, Amicus Brief of the Department of Labor in *Mullins v. City of New York*, 523 F. Supp. 2d 339 (S.D. N.Y. 2007); Amicus Brief of the Department of Labor to the Second Circuit Court of Appeals in

*Mullins v. City of New York*, 53 F.3d 104 (2d Cir. 2011); and *Mullins v. City of New York*, 53 F.3d 104 (2d Cir. 2011) (the fact Plaintiffs give direction while performing fire prevention work does not transform their duty of suppressing fire into one of management.)

(15) Plaintiffs seek the payment of back overtime wages for all hours worked over one-hundred six (106), liquidated damages, and such other relief as previously requested in this case.

(16) Defendant's conduct of failing to properly classify and compensate Plaintiffs' with overtime as is required by the "First Responders" was willful.  Defendant knew, or showed reckless disregard for, the fact that its conduct was forbidden by the FLSA and the "First Responder" regulation. *Ojeda-Sanchez v. Bland Farms, LLC*, 2012 U.S. App. LEXIS 24586 (11th Cir. 2012); *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1283 (11th Cir. Ala. 2008).

(17) Defendant did not act in "good-faith" with respect to the classification and pay practices due to there being no evidence that its failure to compensate Plaintiffs as "First Responders" were taken in good faith and was in conformity with and in reliance on a written administrative interpretation from the Department of Labor. 29 U.S.C. § 259; *Cole v. Farm Fresh Poultry, Inc.,* 824 F.2d 923, 926 (11th Cir. 1987).

(18) The City cannot prove both that it acted with a good faith belief that its policy and practice of not paying Plaintiffs' overtime compensation as "First Responders" was in compliance with the FLSA and the Department of Labors' regulations and that it had reasonable grounds for its belief. *Ojeda-Sanchez v. Bland Farms, LLC*, 2012 U.S. App. LEXIS 24586 (11th Cir. 2012) (citing *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008).

(19) The City intentionally misled Plaintiffs by stating the Department of Labor had been contacted and that said consultation revealed that Fire Suppression Lieutenants and Captains were not due to be paid overtime wages as "First Responders."

(20) Defendant concealed the fact it had never contacted the Department of Labor and despite Plaintiffs' exercise in due diligence they did not discover the falsity of the City's representations. As a result, the applicable statute of limitations should be tolled.

(21) "Both the diligent and the non-diligent plaintiff are protected from the expiration of claims the factual basis for which was shrouded by the veil of fraudulent concealment." *Morton's Mkt., Inc. v. Gustafson's Dairy, Inc.*, 198 F.3d 823, 832 (11th Cir. 1999).

(22) The issue of when Plaintiffs were on notice of their FLSA claims is a question of fact for the jury to decide. *Morton's Mkt.*, 198 F.3d at 828 (11th Cir. 1999).

(23) In order to defeat Plaintiffs' tolling argument the City must conclusively "show that [P]laintiffs knew of their claims or had notice sufficient to prompt them to investigate and that, had they done so diligently, they would have discovered the basis of their claims." *Morton's Market*, 198 F.3d at 832.

(24) Defendant has the burden of proving by "clear and affirmative evidence" any exemption to the FLSA's overtime requirements by showing Plaintiffs satisfy *each element* of the exemptions it asserts. *Huff v. Dekalb Cnty.*, 516 F.3d 1273, 1278 (11th Cir. 2008).

(25) Exemptions are only to be applied to those clearly and unmistakably within the terms and spirit of the exemption." *Brock v. Norman's Country Mkt., Inc.*, 835 F.2d 823, 826 (11th Cir. 1988) (citation and internal quotation marks omitted).

(26)    An exemption "analysis specifically require[s] an examination beyond [Plaintiffs'] job title to the specific duties performed by the [Plaintiffs]." *Barreto v. Davie Marketplace, LLC*, 331 Fed. App'x 672 (11th Cir. 2009).

(27) "It is necessary to focus on [Plaintiffs'] day-to-day activities in order to determine whether [they] are subject to the administrative or executive exemptions." *Ale v. Tennessee Valley Authority*, 269 F.3d 682 (6th Cir. 2001). Therefore, "[t]he key to a determination of whether [Plaintiffs are] covered by an exemption to the FLSA

9

overtime requirements does not depend on . . . an employer's general characterization of a particular job.  *What is important is what [Plaintiffs] actually do[] on a day-to-day basis*."  *Id.* (emphasis added).

(28)  To defeat Plaintiffs' claims for overtime wages, the City must demonstrate Plaintiffs' primary duty <u>is not</u> the *prevention, control*, or *extinguishment of fires* and/or the rescue of fire victims.  The City cannot however, meet this burden by labeling Plaintiffs "in charge" as this type of "categorical approach" and slapping on of a "talismanic phrase" has been rejected.  *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1272 (11th Cir. 2008).

(29)  Plaintiffs perform the production activities of the Montgomery Fire Department which are those duties directly related to the prevention, control or extinguishment of fires and rescue of fire victims.

(30)  "Production activities in the context of municipal service activities are activities that appear to be related to the primary service goal of the agency."  *Smith v. City of Jackson*, 954 F.2d 296, 299 (5th Cir. 1992).

(31)  "The production activities of a municipal fire department are those related to the prevention and suppression of fires."  *Monroe Firefighters Association v. City of Monroe*, 600 F. Supp.2d 790, 802 (W.D. La. 2009).

(32)  The time spent by Plaintiffs' waiting to respond to calls, engaging in physical training, eating, and sleeping assumes the character of the work Plaintiffs perform once dispatched to an emergency scene which in Plaintiffs' case is the manual labor of preventing, controlling and/or extinguishing fires and rescuing of fire victims.  *Debrecht v. Osceola Cnty.*, 243 F.Supp.2d 1364, 1373 (M.D. Fla. 2003) (holding an employee's nonexempt time assumes the character of the work performed once dispatched to an emergency scene) (citing *Smith v. City of Jackson*, 954 F.2d 296, 299 (5th Cir. 1992).

(33) Defendant is in violation of the FLSA's recording keeping requirements set out in 29 U.S.C. § 211(c) and 29 C.F.R. § 516.2.

(34) The City has a duty and is required to make, keep, and preserve records of Plaintiffs' wages, hours, and other conditions and practices of employment" since "[it] is in a superior position to know and produce the most probative facts concerning the nature and amount of work performed by Plaintiffs. *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 2007 WL 2332506, at *6 (11th Cir. Aug. 17, 2007) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946)).

(35) To be in compliance with the Department of Labor's record keeping provision, the City must maintain and preserve records indicating among other things, (1) the time of day and day of week on which Plaintiffs' workweek begins; (2) Plaintiffs' regular hourly rate of pay for any workweek in which overtime compensation is due; (3) the hours worked each workday and total hours worked each workweek by Plaintiffs; (3) the total daily or weekly straight-time earnings or wages due for hours Plaintiffs worked during the workday or workweek, exclusive of premium overtime compensation; and (4) the total premium pay for overtime hours. 29 C.F.R. § 516.2(a)(1)-(12).

(36) Defendant has violated the Department of Labor's record keeping requirements due to the fact it has failed to maintain a record indicating the hours Plaintiffs worked each workday, the total hours worked each week and Plaintiffs' regular rate of pay. *Klinedinst v. Swift Invs., Inc.*, 260 F.3d 1251, 1257 (11th Cir. 2001) (employer obligated to maintain records of the "hours worked each workday and total hours worked each workweek.")

(37) The legal consequence of the City's failure to create and maintain legally required records is that an award of damages to Plaintiffs can be rendered, even though the result might only be an approximate. *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 471 (11th Cir. 1982); *Lyles v. Burt's Butcher Shoppe & Eatery, Inc.*, 2011 U.S. Dist. LEXIS 119286, *16-17 (M.D. Ga. Oct. 17, 2011).

(38) Plaintiffs have proven that they performed therefore the City must "come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the Plaintiffs' testimony. In the event the City fails to do so, damages may be still be awarded Plaintiffs even though said damages are only approximate." *Contreras v. Lara's Trucks, Inc.*, 2013 U.S. Dist. LEXIS 5516, *7-8 (N.D. Ga. Jan. 11, 2013).

(39) Each Plaintiff contests any defense or position contained in the City of Montgomery's contentions in this Pretrial Order or in other parts of this Order that were not timely or properly raised by the City in its Answers and/or at the appropriate stage of this case prior to entry of this Order. No Plaintiff consents to the enlargement of any defense or contention by the Defendant that was not previously raised or properly preserved.

(nn)   Defendant:

(1)   Defendant contends that at all times material to the case, Defendants paid Plaintiffs as fire protection employees under the § 207(k) partial exemption based upon an established two-week pay and work period; that Plaintiffs were and are fire protection employees.

(2)   Defendants paid Plaintiffs as exempt employees under the § 213(a) exemption for executive employees; that Plaintiffs are, in fact, executive employees as defined by the Fair Labor Standards Act and interpretive regulations and, therefore, Sections 206 and 207 of the Fair Labor Standards Act do not apply to said plaintiffs.

(3)   Defendant did not make any decision or take any act to pay Plaintiffs under either the § 207(k) or § 213(a) exemptions in bad faith. Defendant made all decisions and took all actions material to the case and to the § 207(k) and § 213(a) exemptions in good faith.

5.   STIPULATIONS BY AND BETWEEN THE PARTIES:

(a)   The term "Plaintiffs" references and includes Roosevelt Watkins and all the opt-in Plaintiffs who have filed a Consent to Become a Party Plaintiff

and are listed above.

(b)   The Division of Suppression operates the pumper and ladder trucks and handles the day-to-day fire side of the Montgomery Fire Department.

(c)   The Division of Suppression has one (1) Assistant Chief, Kenneth Bolling, to whom twelve (12) subordinate District Chiefs report.

(d)   The Division of Suppression is divided into four (4) geographical fire districts with each having three (3) District Chiefs assigned to it.

(e)   Due to rotating shifts, Plaintiffs' normal tour of duty requires them to work 104, 112, and 120 hours in successive work periods.

(f)   The City classifies Plaintiffs as "fire protection employees" under 29 U.S.C. § 203(y).

(g)   Plaintiffs are trained in fire suppression.

(h)   All documents produced by the City of Montgomery are business records.

(i)   Plaintiffs customarily and regularly direct the work of two or more other employees.

(j)   Plaintiffs are compensated by the City of Montgomery at a rate of not less than $455.00 per week.

(k)   Plaintiffs receive the same amount of pay for their regular tour of duty every two weeks.


IT IS ORDERED THAT:

(1)   The jury selection and trial of this cause, which is to last (4) days, are set for February 25, 2013, at 10:00 a.m. at the United States Courthouse in Montgomery Alabama;

(2)   A trial docket will be mailed to counsel for each party approximately three (3) weeks prior to the start of the trial term;

(3)   The parties are to file their pre-trial briefs, if any, by February 18, 2013;

(4)   Each party shall have available at the time of trial, for use by the court (the

13

Judge, the courtroom deputy clerk, and the law clerk), three (3) copies of the Exhibit List and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the Judge to each have a set of the exhibits;

(5)     All deadlines not otherwise affected by this order will remain as set forth in the Amended Uniform Scheduling Order (Doc. #41) entered by the court on September 30, 2011;

(6)     All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the Court.

(7) Trial in this case shall be bifurcated between the issues of liability and damages.

DONE this the 5th day of February, 2013.

_____/s/ Mark E. Fuller_____
UNITED STATES DISTRICT JUDGE

14